# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARK DANIEL HAINES,**

    **Petitioner-Defendant,**

v.                                                 **Civil Action No. 3:14-cv-33**
                                                      **Criminal Action No. 3:11-cr-19**
                                                      **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

## **REPORT AND RECOMMENDATION/OPINION**

### **I.   INTRODUCTION**

On March 17, 2014, Mark Daniel Haines ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 3:14-cv-33, Docket No. 1; Criminal Action No. 3:11-cr-19, Docket No. 72.) That same day, the Clerk of Court mailed Petitioner a Notice of Deficient Pleading, which informed him that he had twenty-one (21) days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. (Civil Action No. 3:14-cv-33, Docket No. 5; Criminal Action No. 3:11-cr-19, Docket No. 76.) Petitioner filed his correct form ("Court-Approved Motion") on March 31, 2014. (Civil Action No. 3:14-cv-33, Docket No. 7; Criminal Action No. 3:11-cr-19, Docket No. 78.)

On April 23, 2014, the undersigned entered an Order directing the Government to respond to Petitioner's motion. (Docket No. 80.)[1] The Government filed its response on May 14, 2014. (Docket No. 82.) On June 4, 2014, Petitioner filed a "Motion to Enter for Default Judgment."

---

[1] From this point, all docket numbers refer to entries in Criminal Action No. 3:11-cr-19.

(Docket No. 83.) The Government responded to that motion on June 17, 2014. (Docket No. 85.)

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

## II. FACTS

### A. *Conviction and Sentence*

On April 14, 2009, a Grand Jury sitting in the Northern District of West Virginia returned an Indictment charging Petitioner with one count of bank robbery and one count of attempted bank robbery. (Docket No. 1.) On May 12, 2011, Petitioner signed a plea agreement in which he agreed to plead guilty to Count One, charging him with bank robbery. (Docket No. 26.) This plea agreement contained a binding recommendation by the Government, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that it would "recommend that 120 months imprisonment is the appropriate disposition of this case." (Id. at 3.) On May 19, 2011, Petitioner appeared before now-retired United States Magistrate Judge David J. Joel to enter his guilty plea in open court. (Docket No. 61.)

Petitioner appeared before Chief United States District Judge John Preston Bailey on October 17, 2011 for sentencing. (Docket No. 36.) After reviewing the plea agreement, Chief Judge Bailey exercised his discretion and rejected the agreement. (Id. at 1.) Petitioner then chose to withdraw his guilty plea. (Id.) Chief Judge Bailey scheduled Petitioner's trial to begin on January 3, 2012. (Id. at 2.) On December 12, 2011, Petitioner signed another plea agreement in which he agreed to plead guilty to bank robbery. (Docket No. 40.) He appeared before Magistrate Judge Joel on December 21, 2011 to enter his guilty plea in open court. (Docket No. 62.)

Prior to sentencing, Petitioner's assigned Probation Officer completed a Presentence

Investigation Report ("PSR"). In the PSR, the Probation Officer noted:

> On March 21, 2012, the defendant was indicted in the Northern District of West Virginia, Martinsburg Division, in Criminal Case Number 3:12CR19 for Attempted Escape. The defendant was being detained pending sentencing in this case, therefore, an enhancement for obstruction of justice applies. Pursuant to U.S.S.G. § 3C.1.1, the base offense level is increased by two levels.
>
> The undersigned Probation Officer originally recommended a downward adjustment, pursuant to U.S.S.G. § 3E1.1, based on the defendant's verbal and written statements admitting his guilt. Since that time, the defendant has attempted to escape from the Eastern Regional Jail with his sentencing pending in this case. Pursuant to U.S.S.G. § 3E1.1, Application Note 4, "Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." The Probation Officer does not feel that this is an extraordinary case.

(Docket No. 52 at 13.)[2]

Petitioner appeared before Chief Judge Bailey on May 9, 2012 for sentencing. (Docket No. 63.) At that time, counsel for Petitioner orally objected to the enhancement for obstruction of justice and the denial of acceptance of responsibility. (Id. at 5:22-9:5.) Counsel for Petitioner introduced a picture of the hole in Petitioner's cell at the Eastern Regional Jail and argued that Petitioner could not have escaped because of rebar located in the wall. (Id.) Counsel also argued that Petitioner had provided substantial information regarding his criminal activity. (Id.) Chief Judge Bailey overruled the objection. (Id. at 12:22-13:5.) Petitioner was sentenced to 225 months of incarceration to be followed by three (3) years of supervised release. (Id. at 26:11-27:7.)

**B.    *Direct Appeal***

On appeal, Petitioner argued that "(1) the district court erroneously rejected the parties' first

---

[2] Petitioner was acquitted in Criminal No. 3:12-cr-19 on March 22, 2013. (Criminal Action No. 3:12-cr-19, Docket No. 116.)

plea agreement; (2) the district court erroneously denied [his] motion to continue sentencing and reassign the case to another judge; and (3) the district court committed procedural error in calculating [his] criminal history category and utilizing an extended Guidelines table." United States v. Haines, 497 F. App'x 266, 267 (4th Cir. 2012) (per curiam). The Fourth Circuit rejected Petitioner's arguments and affirmed his conviction and sentence. Id. at 268. Petitioner did not file a petition for a writ of certiorari to the Supreme Court.

## C. *Federal Habeas Corpus*

### 1. Petitioner's Motion

In his Court-Approved Motion, Petitioner raises the following claims:

1. The sentencing Court committed plain error under Fed. R. Crim. P. 52(b) by using conduct not relevant to the offense charged to deny a three-level reduction for acceptance of responsibility;

2. Petitioner's Fifth and Sixth Amendment rights to due process were violated by the reliance on "evidence of a [sic] attempted escape and a [sic] inculpatory statement";

3. "Review of Sentence 18 USC § 3742(a)(2), and (4)"; and

4. The sentence was imposed in violation of the Administrative Procedure Act and the Privacy Act.

(Docket No. 78 at 5-10.)

### 2. Government's Response

In its response, the Government asserts:

1. Petitioner's motion is untimely;

2. The issues Petitioner raises were addressed by the Fourth Circuit on direct appeal; and

3. Claims challenging application of the Sentencing Guidelines are not ordinarily considered in § 2255 proceedings.

(Docket No. 82 at 2-3.)

### III.     ANALYSIS

*A.     Timeliness of Petitioner's Motion*

In its response, the Government asserts that Petitioner's motion was untimely filed. (Docket No. 82 at 2.) Specifically, the Government states:

> The petition is not timely filed. The Mandate of the Court of Appeals was entered November 26, 2012. Document 66. No petition for Writ of Certiorari was filed. The time for filing such petition expired February 24, 2013. *Clay v. United States*, 537 U.S. 522, 531-32 (2003) (Mandate plus 90 days). The AEDPA requires this petition to be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). That day was February 24, 2014. The instant petition was filed March 17, 2014, three weeks late.

(Id.)

A one-year statute of limitations applies to all motions brought pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). As § 2255(f) states, the one-year limitations period begins to run from four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As an initial matter, the Government's timing calculations are incorrect. As the Court stated in Clay, "[f]or the purpose of seeking review by this Court . . ., '[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from

5

the issuance date of the mandate (or its equivalent under local practice)." Clay, 537 U.S. at 527. Accordingly, because the Fourth Circuit issued its judgment on November 1, 2012, Petitioner had until January 30, 2013 to file a petition for writ of certiorari. He did not, so his one-year limitations period under § 2255(f)(1) began on January 30, 2013 and expired on January 30, 2014. Petitioner's original § 2255 motion was filed with the Court on March 17, 2014; however, it was delivered to the prison's mail system on March 10, 2014.[3] Nevertheless, Petitioner's motion is still untimely under § 2255(f)(1).

In his Court-Approved Motion, however, Petitioner asserts that his motion is timely under § 2255(f)(4). Specifically, he states:

> I was sentence [sic] on 5/15/212 to 255 months for 1 count of 18USC§2113(a). In my sentencing I did not receive a 3 level reduction for my "Acceptance of responsibility" due to the fact that I was charged with a [sic] attempted escape 18USC§751. I lost my 3 level reduction because of this charge thus adding more time to my sentence. In march 22nd, 2013, I was acquitted of the charge of Attempted Escape and exonerated of the crime. But still lost my 3 levels for Acceptance of Responsibility under USSG§3E1.1. At the time of Direct Appeal the attemted [sic] escape charge was still pending and did not have the standing or the ability to disclose information while the case was still pending. It will be like litigating two cases at once for the same crime. Since the lost [sic] of the 3 level reduction under USSG§3E1.1 was directly due to the Attemted [sic] escape charge, I now can present a rebuttal to my involvement in digging a hole in the cell wall. I didn't do it.
>
> I present new evidence that was not previously available that I did not commit such acts as attempting to escape and evade by responsibility of my actions in this case. I present a Judgment of Acquittal rendered 03/22/13. I request the relief of correcting my sentence to account for the 3E1.1 3 level reduction for Acceptance of Responsibility.

(Docket No. 78 at 14.)

For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the

---

[3] See Houston v. Lack, 487 U.S. 266, 270 (1988) (a *pro se* prisoner files court documents when they are delivered to prison authorities for mailing).

movant is not guilty of an offense. See Johnson v. United States, 544 U.S. 295, 298 (2005) (vacatur of petitioner's state conviction was "fact" supporting his § 2255 challenge of career offender classification for purposes of § 2255(f)(4). Section 2255(f)(4) "resets the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued." Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000) (internal citations omitted). As such, if the limitations period begins pursuant to § 2255(f)(4), "the movant gets the benefit of a full year even if he delays filing until the last minute of it." Ryan v. United States, 657 F.3d 604, 607 (7th Cir. 2011).

Furthermore, "[w]hether due diligence has been exercised is a fact-specific inquiry unique to each case." United States v. Crawley, No. 3:07cr488, 2012 WL 32402, at *2 (E.D. Va. Jan. 5, 2012) (citing Wims, 225 F.3d at 190-91). "It is the petitioner's burden to prove that he or she exercised due diligence." Id. (citing DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006)). While "maximum feasible diligence" is not required, the petitioner must demonstrate "reasonable diligence in the circumstances." El-Abdu'llah v. Dir., Va. Dep't Corr., No. 3:07cv494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) (quoting Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)). If prompt action would have revealed the factual basis for a claim, § 2255(f)(4) should not be applied. Johnson, 544 U.S. at 311.

Underlying all of Petitioner's claims is an argument that the sentencing Court erred by denying him a three-level reduction for acceptance of responsibility because he had been charged with attempted escape pending his sentencing. Petitioner asserts that since he was acquitted of the attempted escape on March 22, 2012, his sentence for his bank robbery conviction should be adjusted. As discussed later, Petitioner's claims are without merit; however, he could not reasonably

7

have known about his acquittal until March 22, 2013, when United States District Judge Gina M. Groh entered a Judgment of Acquittal in Criminal Action No. 3:12-cr-19. Accordingly, the undersigned finds that the factual basis for Petitioner's claims accrued on March 22, 2013. Accordingly, under § 2255(f)(4), Petitioner had until March 22, 2014 to file his motion. His motion was filed with the Court on March 17, 2014; accordingly, it is timely pursuant to § 2255(f)(4).

## B. *Petitioner's Claims Are Meritless*

In his motion, Petitioner raises four claims; however, those claims are variations of Petitioner's main argument–that the sentencing Court misapplied the Sentencing Guidelines by denying him a three-level reduction for acceptance of responsibility based upon an alleged attempted escape for which he was later acquitted. The only relief that Petitioner seeks is "correcting [his] sentence to account for the 3E.1.1 3 level reduction for Acceptance of Responsibility." (Docket No. 78 at 14.) Nevertheless, as discussed below, the undersigned finds that Petitioner's claims are meritless.

### 1. Claims One and Three: Misapplication of the Sentencing Guidelines

Petitioner cannot raise his claims regarding misapplication of the sentencing guidelines as grounds for relief in a § 2255 proceeding. "[A] non-constitutional error may only serve as the basis for collateral attack when it involves 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Whiteside v. United States, 748 F.3d 541, 548 (4th Cir. 2014) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). The Fourth Circuit has held that "ordinary misapplication of the guidelines does not amount to a miscarriage of justice." United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999); see also United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances, however, an error in the application

8

of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. . . . Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.").

Recently, the Southern District of West Virginia considered a claim substantially similar to Petitioner's. In United States v. Cline, Nos. 5:10-cv-1017, 5:09-cr-00065-2, 2013 WL 3198148 (S.D. W. Va. June 21, 2013), the petitioner "claim[ed] that the District Court improperly denied him a three-level decrease for acceptance of responsibility." Id. at *2. Relying on Pregent, United States Magistrate Judge R. Clarke VanDervort found that the petitioner's claim was meritless. Id. United States District Judge Irene Berger adopted Magistrate Judge VanDervort's Proposed Findings and Recommendation. Id. at *1.

Like the petitioner in Cline, the undersigned finds that Petitioner has not demonstrated "extraordinary circumstances" that would allow him to raise his claims that the sentencing Court improperly denied him a three-level reduction for acceptance of responsibility. See Pregent, 190 F.3d at 283-84. Even if Petitioner's claims could be raised in § 2255 proceedings, they would not succeed. U.S.S.G. § 3C1.1 provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

"[E]scaping or attempting to escape from custody before trial or sentencing" is one example of conduct covered by § 3C1.1. U.S.S.G. § 3C1.1 app. n.4(E). Furthermore, "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may,

9

however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1 app. n.4.

Furthermore, "it is well settled that acquittal of an offense does not preclude a sentence enhancement based upon the same conduct." United States v. Humphries, 32 F. App'x 90, 91 (4th Cir. 2002) (per curiam); see also Monge v. California, 524 U.S. 721, 728 (1998) (double jeopardy principles are inapplicable to sentencing proceedings); United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam) (a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proven by a preponderance of the evidence). The record reflects that at sentencing, Petitioner's attempted escape was proven by a preponderance of the evidence. As counsel for the Government stated:

> MR. CAMILLETTI: Number 6, the grand jury has indicted Mr. Haines for an attempted escape, and the photograph which counsel showed, and I don't think it's been marked, but we don't maintain that he had a hole in his wall that he was displaying to the prison population and the guards and the world. He had masked that–I'm averring because we haven't had the–trial, masked that and filled in the void with something to resemble the paint, and to fill the void left in the block. I haven't seen the block, but I have seen the photographs. It is about a two-inch void, not regular, but dug out. And he had dug to the rebar. I don't maintain that he was going to squeeze out through the solid wall, but I do maintain he was digging at the wall in his jail cell and that's to attempt an escape.

(Docket No. 63 at 10:18-11:6.) Chief Judge Bailey the found as follows:

> With regard to Objection 6, the objection will be overruled. Yes, there is rebar there. And, yes, it appears that the defendant would not have been able to effect an escape, unless he had some way to cut rebar. But the fact is, it's an attempted escape. I'm not sure he knew there was rebar there when he started digging the hole. And it is the digging of the hole that is the evidence of the attempted escape. It was perhaps foiled by the rebar, but the Court will overrule that objection.

(Id. at 12:22-13:5.) Given this, the District Court properly applied a two-level enhancement under § 3C1.1 for Petitioner's obstruction of justice and denied him a three-level reduction under § 3E1.1

10

for acceptance of responsibility. Although Petitioner was later acquitted of the attempted escape charged in Criminal Action No. 3:12-cr-19, he has not demonstrated that this acquittal makes his case an "extraordinary" one where both § 3C1.1 and § 3E1.1 may apply. Furthermore, his acquittal does not affect denial of the reduction in calculating his sentence for the instant matter. See Monge, 524 U.S. at 728; Humphries, 31 F. App'x at 91. Accordingly, Petitioner's claims are meritless and should be denied.

### 2. Claim Two: Violation of Due Process

As his second claim for relief, Petitioner asserts that his sentence is a denial of due process because there was "no determination of guilt or that [he] committed any criminal act, the case was still pending." (Docket No. 78 at 13.) He further states: "There is a portion of my sentence that is directly associated with that determination of the attempted escape. Thus I have lost liberty because of a determination of evidence that has not been served by the proper judicial function of due process." (Id.)

In order to show a due process violation, Petitioner "must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence." United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir. 1986); see also May v. United States, Nos. 5:13-cv-22417, 5:12-cr-00050, 2014 WL 427801, at *5 (S.D. W. Va. Feb. 3, 2014) (citing Eschweiler). As noted above, the sentencing Court properly applied a two-level enhancement for obstruction of justice and denied a three-level reduction for acceptance of responsibility based upon Petitioner's attempted escape. Petitioner's later acquittal has no bearing on the finding of the sentencing Court, and Petitioner has not demonstrated that the sentencing Court relied on false information in determining his sentence. Accordingly, Petitioner's due process claim is meritless

and should be denied.

### 3. Claim Four: Sentence Violates the Administrative Procedures Act and the Privacy Act

As his last claim for relief, Petitioner asserts that his sentence was imposed in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551-59, 701-06, and the Privacy Act, 5 U.S.C. § 552a. (Docket No. 78 at 9-10.) According to Petitioner, the Probation Office is required to "maintain[] an accurate account of records and reports." (Id. at 13.) According to Petitioner, the Probation Officer violated this duty "by including Statements that [he] was involved in a [sic] escape attempt, when in fact there were [sic] no evidence that [he] actually committed the act itself." (Id.)

The APA and the Privacy Act explicitly does not include "the courts of the United States." 5 U.S.C. §§ 551(1)(B), 552(f)(1). Under 18 U.S.C. § 3602(a), "[a] district court of the United States shall appoint qualified persons to serve, with or without compensation, as probation officers within the jurisdiction and under the direction of the court making the appointment." Given this, the undersigned finds that the Probation Office is considered to be part of "the courts of the United States" and therefore is not subject to the APA and the Privacy Act. Accordingly, Petitioner's claim is without merit and should be denied.

## IV. OTHER MATTERS

As noted above, Petitioner filed a "Motion to Enter for Default Judgment" on June 4, 2014. (Docket No. 83.) In that motion, Petitioner asks the Court to enter judgment against the Government because the Government did not respond to his motion within the time provided by the Court. (Id.) Petitioner specifically asks the Court "to enter a judgment for the relief requested in the § 2255 petition, which is to correct and resentence with the USSG § 3E1.1 'Acceptance of Responsibility' which will fall in a Guideline of Category VI Level: 29 a range of 151-188 months." (Id.) In

response, the Government states that it filed its answer to Petitioner's motion on May 14, 2014 and that Petitioner states no basis for relief. (Docket No. 85.)

On April 23, 2014, the undersigned directed the Government to file a response to Petitioner's motion within twenty-eight (28) days. (Docket No. 80.) Accordingly, the Government had until May 21, 2014 to answer. Accordingly, the Government's response, filed on May 14, 2014, is timely. Nevertheless, even if the Government's answer was served beyond this time period, Fed. R. Civ. P. 55(d) provides that default judgment "may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." As discussed above, the undersigned has already determined that Petitioner is not entitled to relief he seeks. Accordingly, his motion for default judgment should be denied.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:14-cv-33, Docket No. 1; Criminal Action No. 3:11-cr-19, Docket No. 72) be **DENIED** and **DISMISSED WITH PREJUDICE**. The undersigned further recommends that Petitioner's "Motion to Enter for Default Judgment" (Criminal Action No. 3:11-cr-19, Docket No. 83) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to

appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Mark Daniel Haines.

DATED: June 26 , 2014

*/s John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE