**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MARK DANIEL HAINES,**

      Petitioner,

v.

                            **CIVIL ACTION NO. 3:14-CV-33
CRIMINAL ACTION NO. 3:11-CR-19
(BAILEY)**

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Crim. Doc. 86 / Civ. Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on June 26, 2014, wherein he recommends this Court dismiss the petitioner's § 2255 petition with prejudice.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

***Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on June 30, 2014 [Crim. Doc. 87 / Civ. Doc. 11]. The petitioner timely filed his objections on July 14, 2014 [Crim. Doc. 88 / Civ. Doc. 12]. Accordingly, this Court will review those portions of the R&R to which the petitioner objected under a *de novo* standard of review. The remaining portions will be reviewed for clear error.

## Discussion

On December 21, 2011, the petitioner appeared before Magistrate Judge David J. Joel to enter his guilty plea to bank robbery. During the pendency of sentencing, the United States Probation Officer provided this Court the Presentence Investigation Report, which contained the following information:

> On March 21, 2012, the defendant was indicted in the Northern District of West Virginia, Martinsburg Division, in Criminal Case Number 3:12CR19 for Attempted Escape. The defendant was being detained pending sentencing in this case, therefore, an enhancement for obstruction of justice applies. Pursuant to U.S.S.G. § 3C.1.1, the base offense level is increased by two levels.

> The undersigned Probation Officer originally recommended a downward adjustment, pursuant to U.S.S.G. § 3E1.1, based on the defendant's verbal and written statements admitting his guilt. Since that time, the defendant has attempted to escape from the Eastern Regional Jail with his sentencing

pending in this case. Pursuant to U.S.S.G. § 3E1.1, Application Note 4,

"Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates

that the defendant has not accepted responsibility for his criminal conduct.

There may, however, be extraordinary cases in which adjustments under

both §§ 3C1.1 and 3E1.1 may apply." The Probation Officer does not feel

that this is an extraordinary case.

[Doc. 52 at 13].

The petitioner appeared before the undersigned on May 9, 2012, for sentencing. Defense counsel objected to the enhancement for obstruction of justice and the denial of acceptance of responsibility. This Court overruled the objection and sentenced Mr. Haines to 225 months' incarceration to be followed by three (3) years of supervised release. Petitioner appealed, and the Fourth Circuit affirmed the conviction and sentence.

The petitioner proceeded to trial on the attempted escape charge in Criminal Action No. 3:12-cr-19, and on March 22, 2013, United States District Judge Gina M. Groh entered a Judgement of Acquittal. Thus, the petitioner understandably asks in his Objections "how can I be found not guilty of the Attempted Escape in that case, and still suffer the determination of guilt in this one?"

The simple answer is that different standards apply to different proceedings. At trial, the jury must find guilt beyond a reasonable doubt. At sentencing, the sentencing court must only find the conduct to have been proven by a preponderance of the evidence, which this Court did in overruling the objection at sentencing. "[I]t is well settled that acquittal of an offense does not preclude a sentence enhancement based upon the same conduct." ***United States v. Humphries***, 32 Fed. App'x. 90, 91 (4th Cir. 2002). Therefore, this Court

finds the application of the enhancement for obstruction of justice and the denial of acceptance of responsibility at sentencing to be proper. Accordingly, the petitioner's Objection **[Crim. Doc. 88 / Civ. Doc. 12]** is **OVERRULED**.

### Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Crim. Doc. 86 / Civ. Doc. 10]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Crim. Doc. 88 / Civ. Doc. 12]** are **OVERRULED**. Additionally, the petitioner's Motion to Enter for Default Judgment **[Crim. Doc. 83]** is **DENIED**. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition **[Crim. Doc. 72 / Civ. Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Haines has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE